**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James HARRINGTON,
Defendant–Appellant.**

No. 88–2609.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 13, 1990.

Decided Nov. 28, 1990.

450

Robert W. Kent, Jr., David J. Stetler, Asst. U.S. Attys., Crim. Receiving, Appellate Div., Chicago, Ill., for plaintiff-appellee.

William J. Stevens, Chicago, Ill., for defendant-appellant.

Before BAUER, Chief Judge, and CUMMINGS and EASTERBROOK, Circuit Judges.

PER CURIAM.

James Harrington, convicted of diverting federal money intended to provide housing subsidies, contends that he was entitled to an instruction telling the jury that character evidence "standing alone" could supply a reasonable doubt about his guilt. *United States v. Burke*, 781 F.2d 1234 (7th Cir.1985), holds that such an instruction is unnecessary. See also *United States v. Marquardt*, 786 F.2d 771, 782–83 (7th Cir.1986). We reserved in *Burke* the question whether it is ever within the district judge's discretion to tell the jury that character evidence "standing alone" can establish a reasonable doubt. 781 F.2d at 1242 n. 5. For the reasons stated in *Burke* we are confident that such an instruction, even if allowable in some case we cannot foresee, is never necessary. Evidence should be considered as a whole rather than "standing alone". The district court properly declined to give Harrington's proffered instruction.

Harrington's other contention is that the district court acted precipitately in allowing co-conspirator hearsay to be admitted against him. The prosecution's pretrial statement of evidence that could show Harrington's membership in a group diverting federal money is indeed thin. By the end of trial, however, there was overwhelming evidence demonstrating that Harrington agreed to participate in the cabal, and the judge then properly concluded that the declarations were admissible under Fed.R.Evid. 801(d)(2)(E). Declarations may be admitted subject to connection, and although that procedure should be reserved for cases in which determining whether the defendant joined the conspiracy is more complex than it was here, *United States v. Ferra*, 900 F.2d 1057, 1059–60 (7th Cir. 1990), Harrington suffered no prejudice from the delay.

AFFIRMED.